ORDER
 

 DAVID ANTHONY CHANDLER, Justice.
 

 ¶ 1. This matter is before the Court en banc on the petition of the Mississippi Bar to Transfer attorney Robert W. Brumfield to Disability Inactive Status pursuant to Rule 18 of the Rules of Discipline of the Mississippi State Bar. Rule 18, “Personal Incapacity — Disability Inactive Status” provides: “Whenever it has been determined that any attorney subject to the disciplinary jurisdiction of the Court is personally incapable of practicing law, he shall be transferred to disability inactive status and not be permitted to practice law until further order from the Court.” Brumfield has answered, and he admits the allegations of the petition, and joins the Mississippi Bar in requesting the relief sought.
 

 ¶ 2. After due consideration, this Court has determined that Brumfield is personally incapable of practicing law, and Brum-field is transferred to disability inactive status pursuant to Rule 18. Accordingly, pursuant to Rule 24, Brumfield is not permitted to practice law until further order from this Court. Should Brumfield ever elect to be reinstated to the practice of law in Mississippi, he is ordered to apply for reinstatement under Rule 25.
 

 ¶ 3. Rule 11(f) governs the closure of the law practice of an attorney who “has been transferred to inactive status because of incapacity or disability.” Under Rule 11(f), if no partner or other responsible party capable of conducting the attorney’s affairs is known to exist, then this Court or any judge having probate jurisdiction in the district in which the attorney maintains his practice will appoint an attorney or attorneys as receivers to oversee the closing of the disabled attorney’s law practice. The bar roll indicates that Brumfield’s office is located in McComb, Mississippi, in Pike County. No partner or other responsible party is known to exist. Therefore, pursuant to Rule 11(f), this Court directs the Chancery Court of Pike County to appoint an attorney or attorneys as receivers to inventory Brum-field’s files and to take such actions as seem indicated to protect the interests of Brumfield and his clients, and to generally carry out the functions described in Rule 11(d).
 

 ¶4. The Clerk of the Mississippi Supreme Court shall immediately forward an attested copy of this order to the clerks of the circuit and chancery courts of this state, who shall enter this order upon the minutes of his or her respective court. The Clerk of this Court likewise shall immediately forward an attested copy of this order to the clerks of the United States District Courts for the Northern and Southern Districts of Mississippi; the clerk of the United States Court of Appeals for the Fifth Circuit; and the clerk
 
 *610
 
 of the Supreme Court of the United States.
 

 SO ORDERED.